**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Welded Construction, L.P.** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **34-1875008** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **26933 Eckel Road** **Perrysburg, OH 43551** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Wood** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website (URL)**   www.welded.com

6. **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☒ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Welded Construction, L.P.**                                          Case number (*if known*) _____
         Name

---

**7. Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
2379

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | See Attachment A | | Relationship | _____ |
| | District | Delaware | When | _____ | Case number, if known | _____ |

---

Debtor    **Welded Construction, L.P.**                                    Case number (*if known*) _____
_____
Name

---

**11.  Why is the case filed in**     *Check all that apply:*
     **this district?**
                                   ☒  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
                                        preceding the date of this petition or for a longer part of such 180 days than in any other district.

                                   ☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or**      ☒  No
     **have possession of any**
     **real property or personal**   ☐
     **property that needs**         Yes.
     **immediate attention?**             Answer below for each property that needs immediate attention. Attach additional sheets if needed.

                                          **Why does the property need immediate attention?** (*Check all that apply.*)

                                          ☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                               What is the hazard? _____

                                          ☐  It needs to be physically secured or protected from the weather.

                                          ☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                               livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                                          ☐  Other _____

                                          **Where is the property?** _____
                                                                    Number, Street, City, State & ZIP Code

                                          **Is the property insured?**

                                          ☐  No

                                          ☐
                                          Yes.     Insurance agency      _____
                                                   Contact name          _____
                                                   Phone                 _____

---

■  **Statistical and administrative information**

**13.  Debtor's estimation of**  .    *Check one:*
     **available funds**
                                   ☒  Funds will be available for distribution to unsecured creditors.

                                   ☐  After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.  Estimated number of**     ☐  1-49                      ☐  1,000-5,000              ☐  25,001-50,000
     **creditors**               ☐  50-99                     ☐  5001-10,000              ☐  50,001-100,000
                                  ☐  100-199                   ☐  10,001-25,000            ☐  More than100,000
                                  ☒  200-999

---

**15.  Estimated Assets**        ☐  $0 - $50,000              ☐  $1,000,001 - $10 million        ☐  $500,000,001 - $1 billion
                                  ☐  $50,001 - $100,000        ☐  $10,000,001 - $50  million      ☐  $1,000,000,001 - $10 billion
                                  ☐  $100,001 - $500,000       ☐  $50,000,001 - $100 million      ☐  $10,000,000,001 - $50 billion
                                  ☐  $500,001 - $1 million     ☒  $100,000,001 - $500 million     ☐  More than $50 billion

---

**16.  Estimated liabilities**   ☐  $0 - $50,000              ☐  $1,000,001 - $10 million        ☐  $500,000,001 - $1 billion
                                  ☐  $50,001 - $100,000        ☐  $10,000,001 - $50  million      ☐  $1,000,000,001 - $10 billion
                                  ☐  $100,001 - $500,000       ☐  $50,000,001 - $100 million      ☐  $10,000,000,001 - $50 billion
                                  ☐  $500,001 - $1 million     ☒  $100,000,001 - $500 million     ☐  More than $50 billion

---

| Debtor | **Welded Construction, L.P.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/22/2018
                       MM / DD / YYYY

X _~Frank A. Pometti~_                              **Frank Pometti**
Signature of authorized representative of debtor        Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorneys**    X _~Sean Beach~_        Date  10/22/2018
                              Signature of attorney for debtor              MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   302-571-6600       Email address    sbeach@ycst.com

**4070**
Bar number and State

## ATTACHMENT A TO VOLUNTARY PETITION

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the entities listed below (collectively, the "**Debtors**"), including the Debtor in this chapter 11 case, will file or has filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.   Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only under the case number assigned to the chapter 11 case of Debtor Welded Construction, L.P.

- Welded Construction, L.P.
- Welded Construction Michigan, LLC

---

**Fill in this information to identify the case and this filing:**

Debtor Name    Welded Construction, L.P.

United States Bankruptcy Court for the: _____    District of    Delaware
                                                                     (State)

Case number *(If known)*: _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Consolidated Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/22/2018              ✗  _____
              MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                        Frank Pometti
                                        Printed name

                                        Chief Restructuring Officer
                                        Position or relationship to debtor

---

Official Form 202          **Declaration Under Penalty of Perjury for Non Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WELDED CONSTRUCTION, L.P., *et al.*,[1] | ) | Case No. 18-_____ (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |
| | ) | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND**
**LIST OF EQUITY SECURITY HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**")

hereby state as follows:

1.       Debtor Welded Construction, L.P. is owned by the following non-Debtor entities:

| Entity | Relationship | Ownership |
|---|---|---|
| Ohio Welded Company LLC | General Partner | 15 General Partnership Units[2] |
| McCaig Welded GP, LLC | General Partner | 5 General Partnership Units |
| Bechtel Oil, Gas and Chemicals, Inc. | Limited Partner | 735 Limited Partnership Units[3] |
| McCaig US Holdings, Inc. | Limited Partner | 245 Limited Partnership Units |

2.       The Debtor listed below is 100% owned by Welded Construction, L.P.:

- Welded Construction Michigan, LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Welded Construction, L.P (5008) and Welded Construction Michigan, LLC (9830). The mailing address for each of the Debtors is 26933 Eckel Road, Perrysburg, OH 43551.

[2] As defined in the *Second Amended and Restated Limited Partnership Agreement of Welded Construction, L.P.* dated December 1, 2015.

[3] As defined in the *Second Amended and Restated Limited Partnership Agreement of Welded Construction, L.P.* dated December 1, 2015.

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case and this filing:</b></td></tr>
</table>

Debtor Name ___Welded Construction, L.P.___

United States Bankruptcy Court for the: _____    District of ___Delaware___
                                                                          (State)

Case number *(If known)*: _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration ___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/22/2018___        **X** _____
            MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                        ___Frank Pometti___
                                        Printed name

                                        ___Chief Restructuring Officer___
                                        Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: <u>WELDED CONSTRUCTION, L.P.</u>

United States Bankruptcy Court for the District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | OHIO CAT<br>ATTN DIRECTOR OR OFFICERS<br>3993 E. ROYALTON RD.<br>BROADVIEW HEIGHTS, OH 44147 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 614-876-2267<br>FAX: 440-526-9513<br>EMAIL: SPIRNAT@OHIOCAT.COM | TRADE | | | | $  15,563,128.67 |
| 2 | CLEVELAND BROTHERS EQUIPMENT CO., INC.<br>ATTN DIRECTOR OR OFFICERS<br>P.O. BOX 417094<br>BOSTON, MA 02241-7094 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 724-325-9249<br>FAX: 724-325-9269<br>EMAIL: TREASURY@CLEVELANDBROTHERS.COM | TRADE | | | | $  10,929,159.72 |
| 3 | UNITED PIPING INC.<br>BETH JOHNSON<br>4510 AIRPORT ROAD<br>DULUTH, MN 55811 | BETH JOHNSON<br>PHONE: 218-727-7676<br>FAX: 218-727-1536<br>EMAIL: BETH.JOHNSON@UNITEDPIPING.US | TRADE | | | | $  9,352,951.84 |
| 4 | SOUTHEAST DIRECTIONAL DRILLING, LLC<br>ATTN DIRECTOR OR OFFICERS<br>3117 NORTH CESSNA AVE<br>CASA GRANDE, AZ 85122 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 520-423-2131<br>FAX: 520-423-2143<br>EMAIL: CHARLEY@SOUTHEASTDRILLING.COM | TRADE | | | | $  6,816,098.79 |
| 5 | UNITED RENTALS NORTH AMERICA<br>MICHAEL J. KNEELAND, PRESIDENT<br>100 FIRST SAMFORD PLACE, STE 700<br>STAMFORD, CT 06902 | MICHAEL J. KNEELAND, PRESIDENT<br>PHONE: 203-622-3131<br>FAX: 203-622-1729<br>EMAIL: TGRACE@UR.COM;<br>MKNEELAND@UR.COM | TRADE | | | | $  6,584,546.21 |
| 6 | LGS RESTORATION, LLC<br>ATTN DIRECTOR OR OFFICERS<br>2901 7TH STREET<br>TUSCALOOSA, AL 35401 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 318-669-2070<br>EMAIL: RICKYLYNN48@YAHOO.COM | TRADE | | | | $  6,516,731.36 |
| 7 | GWINNUP'S RESTORATION AND ENVIRONMENTAL<br>ATTN DIRECTOR OR OFFICERS<br>7088 S STATE ROAD 3<br>MILROY, IN 46156 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 765-629-2700<br>FAX: 765-629-0333 | TRADE | | | | $  5,383,191.36 |
| 8 | CROSS COUNTRY PIPELINE SUPPLY CO., INC.<br>ATTN DIRECTOR OR OFFICERS<br>2420 URAVAN ST.<br>AURORA, CO 80011 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 303-361-6797<br>FAX: 303-361-6836<br>EMAIL: JLUCKI@CCPIPELINE.COM | TRADE | | | | $  4,870,994.84 |
| 9 | PIPELINE MACHINERY<br>ATTN DIRECTOR OR OFFICERS<br>15434 CYPRESS N. HOUSTON<br>CYPRESS, TX 77429 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 713-939-0007<br>FAX: 713-939-0009 | TRADE | | | | $  4,269,513.12 |
| 10 | LANEY DIRECTIONAL DRILLING<br>ATTN DIRECTOR OR OFFICERS<br>831 CROSSBRIDGE DRIVE<br>SPRING, TX 77373 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 281-540-6615<br>FAX: 281-540-6727 | TRADE | | | | $  4,078,297.40 |
| 11 | EARTH PIPELINE SERVICES, INC.<br>ATTN DIRECTOR OR OFFICERS<br>135 TECHNOLOGY DRIVE SUITE 100<br>CANONSBURG, PA 15317 | ATTN DIRECTOR OR OFFICERS<br>PHONE: 724-243-3899<br>EMAIL: JROBERTS@EARTHPIPELINES.COM | TRADE | | | | $  3,971,118.05 |
| 12 | MAXX HDD, LLC<br>TRAVIS VANDER WERT, PRESIDENT<br>7410 CONTINENTAL PARKWAY<br>AMARILLO, TX 49119 | TRAVIS VANDER WERT, PRESIDENT<br>PHONE: 713-320-4292<br>EMAIL: TRAVIS@MAXXHDD.COM | TRADE | | | | $  3,892,733.34 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | I.U.O.E. BENEFIT FUND OF EASTERN PA & DE ATTN DIRECTOR OR OFFICERS PO BOX 1477 FORT WASHINGTON, PA 19034 | ATTN DIRECTOR OR OFFICERS PHONE: 215-542-8211 FAX: 215-540-9369 | UNION | | | | $   3,868,650.20 |
| 14 | PIPELINE SUPPLY & SERVICE HOLDINGS LLC ATTN DIRECTOR OR OFFICERS 1010 LAMAR, SUITE 710 HOUSTON, TX 77002 | ATTN DIRECTOR OR OFFICERS PHONE: 877-768-9244 FAX: 713-979-2145 EMAIL: AR@PSSCOMPANIES.COM | TRADE | | | | $   3,704,533.04 |
| 15 | IUOE & PIPE LINE EMPLOYERS H&W FUND ATTN DIRECTOR OR OFFICERS P.O. BOX 418049 BOSTON, MA 02241-8049 | ATTN DIRECTOR OR OFFICERS PHONE: 888-255-3863 EMAIL: CONTACT@IUOELOCAL99.ORG | UNION | | | | $   3,583,395.85 |
| 16 | BECHTEL CORPORATION ATTN DIRECTOR OR OFFICERS FIFTY BEALE STREET SAN FRANCISCO, CA 94105-1895 | ATTN DIRECTOR OR OFFICERS PHONE: 602-368-7427 FAX: 713-960-9031 | TRADE | | | | $   3,569,140.84 |
| 17 | LABORERS-EMPLOYERS BENEFIT PLAN COLLECTION TRUST ATTN DIRECTOR OR OFFICERS PO BOX 94491 CHICAGO, IL 60690-4491 | ATTN DIRECTOR OR OFFICERS PHONE: 800-562-1181 FAX: 202-393-7352 EMAIL: TRACEY@LEBPCT.ORG; LEBPCT@LIUNA.ORG | UNION | | | | $   3,323,382.65 |
| 18 | OUTLAW PADDING COMPANY ATTN DIRECTOR OR OFFICERS 21445 N. 27TH AVE PHOENIX, AZ 85027 | ATTN DIRECTOR OR OFFICERS PHONE: 623-465-5843 FAX: 623-465-2780 | TRADE | | | | $   3,228,973.00 |
| 19 | SCHMID PIPELINE CONSTRUCTION, INC. JOHN KOSKI, VP 850 MALLARD DRIVE MAYVILLE, WI 53050 | JOHN KOSKI, VP PHONE: 920-389-9997 FAX: 920-387-9984 EMAIL: AP@SCHMID-PCI.COM | TRADE | | | | $   3,108,774.84 |
| 20 | CATERPILLAR FINANCIAL SERVICES ATTN DIRECTOR OR OFFICERS 2120 WEST END AVENUE NASHVILLE, TN 37203 | ATTN DIRECTOR OR OFFICERS PHONE: 800-651-0567 FAX: 615-341-3778 EMAIL: NABC.DIRECTDEBIT@CAT.COM | TRADE | | | | $   3,055,066.90 |
| 21 | CLEARWATER CONSTRUCTION, INC. ATTN DIRECTOR OR OFFICERS 1040 PERRY HIGHWAY MERCER, PA 16137 | ATTN DIRECTOR OR OFFICERS PHONE: 724-300-1656 FAX: 888-855-2282 | TRADE | | | | $   2,635,711.79 |
| 22 | SUNBELT EQUIPMENT MARKETING, INC. ATTN DIRECTOR OR OFFICERS 500 DAVENPORT DRIVE COLLEGE STATION, TX 77845 | ATTN DIRECTOR OR OFFICERS PHONE: 877-773-2202 FAX: 979-690-7360 | TRADE | | | | $   2,353,499.96 |
| 23 | US CROSSINGS UNLIMITED, LLC CHRISTY LAROCHE P.O. BOX 628328 ORLANDO, FL 32862-8328 | CHRISTY LAROCHE PHONE: 740-579-6172 FAX: 888-507-8320 EMAIL: CLAROCHE@USCROSSINGS.COM | TRADE | | | | $   2,348,500.00 |
| 24 | AZUL ESTRELLA SERVICES OF MISSOURI, LLC ACCOUNTS RECEIVABLE 10363 COUNTY RD 9510 WEST PLAINS, MO 65775 | ACCOUNTS RECEIVABLE PHONE: 314-378-1653 FAX: 417-867-5377 EMAIL: GWPAR@GARNETTWOOD.COM | TRADE | | | | $   2,174,963.26 |
| 25 | MEARS GROUP, INC. ATTN DIRECTOR OR OFFICERS 1622 EASTPORT PLAZA DRIVE COLLINSVILLE, IL 62234 | ATTN DIRECTOR OR OFFICERS PHONE: 517-433-2929 FAX: 989-433-2199 | TRADE | | | | $   2,087,132.00 |
| 26 | MICHIGAN CAT ATTN DIRECTOR OR OFFICERS 24800 NOVI ROAD NOVI, MI 48375 | ATTN DIRECTOR OR OFFICERS PHONE: 616-827-8000 EXT 2733 FAX: 248-349-7508 EMAIL: WIRETRANSFER@MICHIGANCAT.COM | TRADE | | | | $   1,915,651.32 |
| 27 | BEDROCK ENVIRONMENTAL SERVICES, INC. ATTN DIRECTOR OR OFFICERS 11 W. MARKET ST. UNIT 404 WILKES-BARRE, PA 18701 | ATTN DIRECTOR OR OFFICERS PHONE: 570-239-3950 EMAIL: SALES@BEDROCKENVIRONMENTAL.COM | TRADE | | | | $   1,799,735.60 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | CRC-EVANS PIPELINE INTL. INC. ATTN DIRECTOR OR OFFICERS 7011 HIGH LIFE DRIVE HOUSTON, TX 77066 | ATTN DIRECTOR OR OFFICERS PHONE: 832-249-3114 FAX: 832-249-3298 EMAIL: SALES@CRC-EVANS.COM | TRADE | | | | $    1,759,939.87 |
| 29 | TRANS ENERGY PIPELINE SERVICES, LLC STERLING SHELTON 2275 LOGANVILLE HWY GRAYSON, GA 30017 | STERLING SHELTON PHONE: 770-682-2940 EMAIL: SSHELTON@TRANSENERGYPLS.COM | TRADE | | | | $    1,756,703.55 |
| 30 | CENTRAL PENSION FUND ATTN DIRECTOR OR OFFICERS PO BOX 418433 BOSTON, MA 02241-8433 | ATTN DIRECTOR OR OFFICERS PHONE: 202-362-1000 FAX: 202-364-2913 | UNION | | | | $    1,652,793.06 |

## UNANIMOUS WRITTEN CONSENT OF THE MANAGING BOARD
## OF WELDED CONSTRUCTION, L.P.

The undersigned, being all the managers (collectively, the "<u>Managers</u>") of the board of managers (the "<u>Managing Board</u>") of Welded Construction, L.P., a Delaware limited partnership (the "<u>Partnership</u>"), hereby take the following actions and adopt the following resolutions by written consent in lieu of a meeting pursuant to the Delaware Revised Uniform Limited Partnership Act, and Section 9.2(j) of the Second Amended and Restated Limited Partnership Agreement of the Partnership, dated December 1, 2015 (the "<u>Limited Partnership Agreement</u>"):

WHEREAS, the Partnership is the sole member of Welded Construction Michigan, LLC, a Michigan limited liability company (the "<u>Company</u>," and together with the Partnership, collectively, the "<u>Debtors</u>");

WHEREAS, the Managers have reviewed and considered the financial and operational condition of the Debtors, and the Debtors' business on the date hereof, including the historical performance of the Debtors, the assets of the Debtors, the current and long-term liabilities of the Debtors, the market for the Debtors' products and services, and credit market conditions; and

WHEREAS, the Managers have received, reviewed and considered the recommendations of the senior management of the Debtors and the Debtors' legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Managers, it is desirable and in the best interests of the Partnership, its creditors, partners and other interested parties, that a voluntary petition (the "<u>Petition</u>") be filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") by the Partnership under the provisions of the Bankruptcy Code; and it is further

RESOLVED, that the Partnership shall be, and hereby is, directed and authorized to execute and file on behalf of the Partnership all petitions, schedules, lists and other papers or documents, and to take any and all action which the Partnership deems reasonable, advisable, expedient, convenient, necessary or proper to obtain the relief requested in the Petition; and it is further

RESOLVED, that Frank Pometti of Zolfo Cooper, LLC ("<u>Zolfo</u>") is hereby appointed as Chief Restructuring Officer of the Partnership; and it is further

RESOLVED, that Stephen Hawkins, Dean McDowell, and Frank Pometti (collectively, the "<u>Designated Persons</u>") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership (i) to execute and verify the Petition as well as all other ancillary documents and to cause such Petition to be filed with the Bankruptcy Court commencing a case ("<u>Bankruptcy</u>

Case") and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized and empowered to represent the Partnership as bankruptcy counsel to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Partnership's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that Kurtzman Carson Consultants, LLC ("Kurtzman") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman; and it is further

RESOLVED, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Partnership as are deemed necessary to represent and assist the Partnership in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Partnership to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Partnership, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Designated Persons are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

RESOLVED, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership, to secure the payment and performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Partnership's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Partnership, if any, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Partnership, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Partnership, if any, to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Partnership, to execute and deliver one or more completion agreements with the Partnership's Customers (the "Customer Agreements"), and to take any and all other actions on behalf of the Partnership as may be necessary or desirable in connection with the Partnership's execution, delivery, and performance of the Partnership's obligations under the Customer Agreements, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Partnership; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Partnership, to perform the obligations of the Partnership under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Partnership; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name of and on behalf of the Partnership, to cause the Partnership to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Designated Persons, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Partnership's debt, other obligations, organizational form and structure and ownership of the Partnership, all consistent with the foregoing resolutions and to carry out and put into effect the

purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

RESOLVED, that the Managers, on behalf of the Partnership, as sole member of the Company, authorize and direct the execution by the Partnership of the Written Consent of the Sole Member of Welded Construction Michigan, LLC, substantially in the form attached hereto as Exhibit A (the "Company Consent"), and that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered in the name of the Partnership to execute and deliver to the Company the Company Consent and take any actions or execute and delivery any documents in furtherance of the Company Consent or matters approved therein; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

*{Signature Page Follows}*

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 9.2(j) of the Limited Partnership Agreement, as of the 21st day of October, 2018.

 

Ronald P. Gratton

Glen P. Brock

Emad Eldin Mohamed Khedr

Joseph M. St. Julian

Stephen D. Hawkins

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 9.2(j) of the Limited Partnership Agreement, as of the 21st day of October, 2018.

_____
Ronald P. Gratton

_____
Glen P. Brock

_____
Emad Eldin Mohamed Khedr

_____
Joseph M. St. Julian

_____
Stephen D. Hawkins

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 9.2(j) of the Limited Partnership Agreement, as of the 21st day of October, 2018.

_____
Ronald P. Gratton


_____
Glen P. Brock


_____
Emad Eldin Mohamed Khedr


_____
Joseph M. St. Julian


_____
Stephen D. Hawkins

# EXHIBIT A

Company Consent

## WRITTEN CONSENT OF THE SOLE MEMBER
## OF WELDED CONSTRUCTION MICHIGAN, LLC

The undersigned, being the sole member (the "Member") of Welded Construction Michigan, LLC, a Michigan limited liability company (the "Company"), hereby takes the following actions and adopts the following resolutions by written consent in lieu of a meeting pursuant to the Michigan Limited Liability Company Act:

WHEREAS, the Member has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, and credit market conditions; and

WHEREAS, the Member has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, the Member and other interested parties, that a voluntary petition (the "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company under the provisions of the Bankruptcy Code; and it is further

RESOLVED, that the Company shall be, and hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which the Company deems reasonable, advisable, expedient, convenient, necessary or proper to obtain the relief requested in the Petition; and it is further

RESOLVED, that Frank Pometti of Zolfo Cooper, LLC ("Zolfo") is hereby appointed as Chief Restructuring Officer of the Company;

RESOLVED, that Stephen Hawkins, Dean McDowell, and Frank Pometti (collectively, the "Designated Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause such Petition to be filed with the Bankruptcy Court commencing a case ("Bankruptcy Case") and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized and empowered to represent the Company as

01:22972059.3

bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that Kurtzman Carson Consultants, LLC ("Kurtzman") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman; and it is further

RESOLVED, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Company to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Designated Persons are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

RESOLVED, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Company, if any, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or

hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company, if any, to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to execute and deliver one or more completion agreements with the Company's Customers (the "Customer Agreements"), and to take any and all other actions on behalf of the Company as may be necessary or desirable in connection with the Company's execution, delivery, and performance of the Company's obligations under the Customer Agreements, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

RESOLVED, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Designated Persons, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

01:22972059.3

IN  WITNESS  WHEREOF,  the  undersigned,  being  the  sole  Member  of  the Company, has executed this consent,  as of the 21st day of October, 2018.


MEMBER:

WELDED CONSTRUCTION, L.P.


By: _____
Name: Stephen D. Hawkins
Its: Chief Executive Officer

01:22972059.3