## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WELDED CONSTRUCTION, L.P., | Case No. 18-12378 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| WELDED CONSTRUCTION MICHIGAN, LLC, | Case No. 18-12379 (___) |
| Debtor. | |

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Welded Construction, L.P. and Welded Construction Michigan, LLC its above-captioned affiliated debtor and debtor in possession (each a "**Debtor**," and collectively, the "**Debtors**")[1] hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Frank*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Welded Construction, L.P (5008) and Welded Construction Michigan, LLC (9830). The mailing address for each of the Debtors is 26933 Eckel Road, Perrysburg, OH 43551.

*Pometti in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**").[2]  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

2.        On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

3.        Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**RELIEF REQUESTED**

4.      By this Motion, the Debtors request that the Court enter the Proposed Order, authorizing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.

5.      Many, if not virtually all, of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect both of the Debtors.  For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these chapter 11 cases.  In order to optimally and economically administer the Debtors' chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Debtor Welded Construction, L.P.

6.      The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for both of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for Welded Construction, L.P.  In addition, the Debtors propose that the caption of these chapter 11 cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WELDED CONSTRUCTION, L.P., *et al.*,[1] | ) | Case No. 18-12378 (___) |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Welded Construction, L.P (5008) and Welded Construction Michigan, LLC (9830). The mailing address for each of the Debtors is 26933 Eckel Road, Perrysburg, OH 43551.

7.      The Debtors also seek the Court's direction that a notation, substantially similar to the following proposed docket entry, be entered on the docket of Welded Construction Michigan, LLC's chapter 11 cases to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Welded Construction, L.P. and Welded Construction Michigan, LLC.  The docket in the chapter 11 case of Welded Construction, LLC, Case No. 18-12378 (___), should be consulted for all matters affecting this case.

## **BASIS FOR RELIEF**

8.      Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties."  Del. Bankr. L.R. 1015-1.  In these chapter 11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.

9.      Additionally, the First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases.  Joint administration will also permit the Clerk of the Court to utilize a single docket for both of the chapter 11 cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases.  Because there will likely be numerous motions, applications and other pleadings filed in these cases that will affect both of the Debtors, joint administration will permit counsel for all parties in interest to include both of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these cases.  Joint administration will also enable parties

in interest in both of the Debtors' cases to stay apprised of all the various matters before the Court.

10.    Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights.  Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies.  Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

11.    For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

12.    Notice of this Motion has been provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' thirty (30) largest unsecured creditors (excluding insiders); (v) the Securities and Exchange Commission; and (vi) counsel to the Debtors' post-petition lenders.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

13.    The Debtors have not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: October 22, 2018
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ M. Blake Cleary*

M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
Justin H. Rucki (No. 5304)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Proposed Counsel to the Debtors*

# EXHIBIT A

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WELDED CONSTRUCTION, L.P.,<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 18-12378 (___)<br>)<br>)<br>)<br>) |
| In re:<br><br>WELDED CONSTRUCTION MICHIGAN, LLC,<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 18-12379 (___)<br>)<br>)<br>)<br>) **Ref. Docket No. _____** |

### ORDER, PURSUANT TO BANKRUPTCY RULE 1015
### AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT
### ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon consideration of the motion (the "**Motion**")[1] of Welded Construction, L.P. and Welded Construction Michigan, LLC (collectively, the "**Debtors**")[2] for the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Welded Construction, L.P (5008) and Welded Construction Michigan, LLC (9830). The mailing address for each of the Debtors is 26933 Eckel Road, Perrysburg, OH 43551.

this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors' chapter 11 cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.  The Clerk of the Court shall maintain one file and one docket for both of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Debtor Welded Construction, L.P., Case No. 18-12378 (___).

4.  All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WELDED CONSTRUCTION, L.P., *et al.*,[1] | ) | Case No. 18-12378 (___) |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Welded Construction, L.P (5008) and Welded Construction Michigan, LLC (9830). The mailing address for each of the Debtors is 26933 Eckel Road, Perrysburg, OH 43551.

5.  The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

6. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and the Clerk of the Court shall make a docket entry in the docket of Welded Construction Michigan, LLC's chapter 11 case, substantially as follows:

> An Order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Welded Construction, L.P. and Welded Construction Michigan, LLC. The docket in the chapter 11 case of Welded Construction, LLC, Case No. 18-12378 (___), should be consulted for all matters affecting this case.

7. Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2018
      Wilmington, Delaware

_____
United States Bankruptcy Judge

01:23767965.1

3